UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
KEYONDRIS JEFFERSON,

     Plaintiff,                             **COMPLAINT**

v.

M. FRIED STORE FIXTURES INC. and BEARD STREET
ACQUISITION LLC,

     Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff by his attorneys MORGAN & MORGAN, NY PLLC, as and for his complaint, respectfully alleges as follows:

## **NATURE OF THE ACTION**

1.     Plaintiff's complaint is rooted in negligence, carelessness, and/or recklessness.

2.     Plaintiff is seeking monetary damages for serious and severe personal injuries that he sustained in a premises incident.

## **THE PARTIES**

3.     Plaintiff, at all times herein mentioned, was and still is a resident of the Concordia Parish, State of Louisiana.

4.     At all times herein mentioned, defendant M. FRIED STORE FIXTURES INC. was a domestic business corporation, organized and existing under the laws of State of New York, with its principal place of business at 110 Beard Street, Brooklyn, New York, 11231.

5.     At all times herein mentioned, defendant BEARD STREET ACQUISITION LLC, was and still is a foreign limited liability company, organized and existing under Delaware law,

authorized to conduct business in the State of New York, with its principal place of business at 1481 47th Street, Brooklyn, New York, 11219.

6.      At all times herein mentioned, defendant BEARD STREET ACQUISITION LLC was conducting business in the State of New York.

7.      At all times herein mentioned, defendant BEARD STREET ACQUISITION LLC transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

8.      At all times herein mentioned, defendant BEARD STREET ACQUISITION LLC transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

9.      At all times herein mentioned, defendant BEARD STREET ACQUISITION LLC committed a tortious act within the State of New York.

10.     At all times herein mentioned, defendant BEARD STREET ACQUISITION LLC committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

11.     At all times herein mentioned, defendant BEARD STREET ACQUISITION LLC, owned, used or possessed any real property situated with the State of New York.

## JURISDICTION AND VENUE

12.     The parties are citizens of different states.

13.     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

14.     The foregoing confer this court with original jurisdiction over the subject matter of this complaint and over parties herein pursuant to 28 U.S. Code §1332.

15.     Venue is proper and appropriate in the United States District Court Eastern District of New York, pursuant to 28 U.S. Code §1391(b)(1), because defendants reside in New York, New York, and resided thereat at the time of the subject incident.

16.      Venue is proper and appropriate in the United States District Court Eastern District of New York, pursuant to 28 U.S. Code §1391(b)(2), because the premises incident, which is the subject matter of this action, occurred in the County of Kings, New York.

**FACTUAL BACKGROUND AND CAUSE OF ACTION**

17.     On December 1, 2021, defendant M. FRIED STORE FIXTURES INC. was a lessee of certain premises located at 110 Beard Street, Brooklyn, New York 11232.

18.     On December 1, 2021, defendant M. FRIED STORE FIXTURES INC., by its agents, servants, and/or employees, maintained certain premises located at 110 Beard Street, Brooklyn, New York 11232.

19.     On December 1, 2021, defendant M. FRIED STORE FIXTURES INC., by its agents, servants, and/or employees, managed certain premises located at 110 Beard Street, Brooklyn, New York 11232.

20.     On December 1, 2021, defendant M. FRIED STORE FIXTURES INC., by its agents, servants, and/or employees, controlled certain premises located at 110 Beard Street, Brooklyn, New York 11232.

21.     On December 1, 2021, defendant M. FRIED STORE FIXTURES INC., by its agents, servants, and/or employees, supervised certain premises located at 110 Beard Street, Brooklyn, New York 11232.

22.     On December 1, 2021, defendant M. FRIED STORE FIXTURES INC., by its agents, servants, and/or employees, inspected certain premises located at 110 Beard Street, Brooklyn, New York 11232.

23.     On December 1, 2021, defendant M. FRIED STORE FIXTURES INC., by its agents, servants, and/or employees, designed certain premises located at 110 Beard Street, Brooklyn, New York 11232.

24.     On December 1, 2021, defendant M. FRIED STORE FIXTURES INC., by its agents, servants, and/or employees, operated certain premises located at 110 Beard Street, Brooklyn, New York 11232.

25.     On December 1, 2021, it was the duty of defendant M. FRIED STORE FIXTURES INC. to keep the premises located at 110 Beard Street, Brooklyn, New York 11232 in a reasonably safe condition.

26.     On December 1, 2021, it was the duty of defendant M. FRIED STORE FIXTURES INC. to perform work at the premises located at 110 Beard Street, Brooklyn, New York 11232 in a reasonably safe manner.

27.     On December 1, 2021, defendant M. FRIED STORE FIXTURES INC., by its agents, servants, and/or employees, was performing work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

28.     On or before December 1, 2021, defendant M. FRIED STORE FIXTURES hired various entities to provide and perform certain work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

29.     On or before December 1, 2021, defendant M. FRIED STORE FIXTURES entered into an agreement and/or contract (written or oral) with various entities to provide and

perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232 on December 1, 2021.

30.     On December 1, 2021, defendant, M. FRIED STORE FIXTURES owned a certain loading dock that its agents, servants, and/or employees utilized to perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

31.     On December 1, 2021, defendant M. FRIED STORE FIXTURES operated a certain loading dock that its agents, servants, and/or employees utilized to perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

32.     On December 1, 2021, defendant M. FRIED STORE FIXTURES owned a certain electric lift that its agents, servants, and/or employees utilized to perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

33.     On December 1, 2021, defendant M. FRIED STORE FIXTURES operated a certain electric lift that its agents, servants, and/or employees utilized to perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

34.     On December 1, 2021, defendant BEARD STREET ACQUISITION LLC was the owner of certain premises located at 110 Beard Street, Brooklyn, New York 11232.

35.     On December 1, 2021, defendant BEARD STREET ACQUISITION LLC was the lessor of certain premises located at 110 Beard Street, Brooklyn, New York 11232.

36.     On December 1, 2021, defendant BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, maintained certain premises located at 110 Beard Street, Brooklyn, New York 11232.

37.    On December 1, 2021, defendant BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, managed certain premises located at 110 Beard Street, Brooklyn, New York 11232.

38.    On December 1, 2021, defendant BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, controlled certain premises located at 110 Beard Street, Brooklyn, New York 11232.

39.    On December 1, 2021, defendant BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, supervised certain premises located at 110 Beard Street, Brooklyn, New York 11232.

40.    On December 1, 2021, defendant BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, inspected certain premises located at 110 Beard Street, Brooklyn, New York 11232.

41.    On December 1, 2021, defendant BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, designed certain premises located at 110 Beard Street, Brooklyn, New York 11232.

42.    On December 1, 2021, defendant BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, operated certain premises located at 110 Beard Street, Brooklyn, New York 11232.

43.    On December 1, 2021, it was the duty of defendant BEARD STREET ACQUISITION LLC to keep the premises located at 110 Beard Street, Brooklyn, New York 11232, in a reasonably safe condition.

44.     On December 1, 2021, it was the duty of defendant BEARD STREET ACQUISITION LLC to perform work at the premises located at 110 Beard Street, Brooklyn, New York 11232, in a reasonably safe manner.

45.     On December 1, 2021, defendant, BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, was performing work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

46.     On or before December 1, 2021, defendant BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, hired various entities to provide and perform certain work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

47.     On or before December 1, 2021, defendant, BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, entered into an agreement and/or contract (written or oral) with various entities to provide and perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232 on December 1, 2021.

48.     On or before December 1, 2021, defendant BEARD STREET ACQUISITION LLC, by its agents, servants, and/or employees, entered into an agreement and/or contract (written or oral) with defendant M. FRIED STORE FIXTURES to provide and perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232 on December 1, 2021.

49.     On December 1, 2021, defendant BEARD STREET ACQUISITION LLC owned a certain loading dock that its agents, servants, and/or employees utilized to perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

50.     On December 1, 2021, defendant BEARD STREET ACQUISITION LLC operated a certain loading dock that its agents, servants, and/or employees utilized to perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

51.     On December 1, 2021, defendant BEARD STREET ACQUISITION LLC owned a certain electric lift that its agents, servants, and/or employees utilized to perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

52.     On December 1, 2021, defendant BEARD STREET ACQUISITION LLC operated a certain electric lift that its agents, servants, and/or employees utilized to perform work, labor and/or services at the premises known as 110 Beard Street, Brooklyn, New York 11232.

53.     On December 1, 2021, plaintiff KEYONDRIS JEFFERSON was lawfully on the premises known as 110 Beard Street, Brooklyn, New York 11232.

54.     On December 1, 2021, plaintiff KEYONDRIS JEFFERSON lawfully parked his truck at or about a loading dock at 110 Beard Street, Brooklyn, New York 11232, as directed by an individual working thereat, who is believed to be an agent, servant, and/or employee of defendant(s), for the pick up and transportation of certain goods.

55.     On December 1, 2021, an individual working at 110 Beard Street, Brooklyn, New York 11232, believed to be an agent, servant, and/or employee of defendant(s) herein, suddenly and without warning activated a lift device directly onto him, crushing, degloving, and fracturing portions of his right hand.

56.     On December 1, 2021, plaintiff KEYONDRIS JEFFERSON was caused to become seriously injured at the premises known as as 110 Beard Street, Brooklyn, New York 11232.

57.     On December 1, 2021, plaintiff KEYONDRIS JEFFERSON was caused to become seriously injured when the Defendants, their agents, employees, staff, and/or personnel, caused plaintiff to be struck and portions of his right hand to be crushed, fractured, degloved, and otherwise injured by an electric lift in a loading dock area at the premises known as 110 Beard Street, Brooklyn, New York 11232.

58.     Plaintiff's injuries and damages referred to herein were caused solely by defendants' their agents, servants, and/or employees negligence, gross negligence, recklessness and carelessness, by permitting a defective, dangerous, and hazardous condition within said premises; which the defendants knew, or should have known, existed and continued to exist within said premises; in having full view of plaintiff, yet activating the lift directing onto him; in failing to stop the lift; in failing to give plaintiff appropriate instructions; in failing to have appropriate and reasonable safety protocols and protections; in failing to allow plaintiff a reasonable opportunity to avoid this; by failing to warn plaintiff, of said dangerous, defective, and/or hazardous condition; in causing and/or creating and/or permitting the condition to exist at the aforesaid location and being in the nature of a dangerous, defective and/or hazardous condition; in failing to take the necessary steps and measures to protect the life and safety of plaintiff; and in being otherwise negligent, grossly negligent, reckless and/or careless in the ownership, maintenance, inspection, supervision, operation, control, and/or repair of the aforesaid premises; all the same being dangerous to the life and limb of persons having to traverse the same and more particularly, to plaintiff all of which defendants agents, servants, and/or employees had actual and constructive notice.

59.     Defendants were further negligent in their recruitment, hiring, retaining, supervising, and training of defendants' agents, servants, employees, staff, and personnel.

60.     The aforementioned incident occurred solely as a result of defendants' negligence, without any negligence attributable in any measure to plaintiff KEYONDRIS JEFFERSON.

61.     By reason of the foregoing and the negligence of the defendants, plaintiff KEYONDRIS JEFFERSON was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer from some time physical pain and bodily injuries and become sick, sore, lame and disabled.

62.     By reason of the foregoing, plaintiff KEYONDRIS JEFFERSON was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefor for medicines and upon information and belief, plaintiff will necessarily incur similar expenses.

63.     Plaintiff demands as trial by jury in the above-captioned action, of all issues triable by a jury, pursuant to the Federal Rule of Civil Procedure 38.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly severally, individually and/or vicariously, on damages, costs, interest, counsel fees, as well as all other relief this court deems just and proper.

Dated: New York, New York
       March 24, 2022

**MORGAN & MORGAN NY PLLC**

By: /s/ Kathleen E. Beatty
   Kathleen E. Beatty, Esq.
   Attorneys for Plaintiff
   350 Fifth Avenue, Suite 6705

New York, New York 10118
(917) 344-7032
kbeatty@forthepeople.com